UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| David Ostrander, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br> -v.-<br><br>Scott & Associates, P.C.,<br><br>          Defendant(s). | Civil Action No. 5:23-cv-55<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff David Ostrander (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Scott & Associates, P.C. ("Defendant" or "Scott") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

   1.  Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

   2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides and a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Bexar.

8. Defendant Scott is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service care of National Registered Agents Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9. Upon information and belief, Defendant Scott is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings these claims on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. about whom the Defendant Scott sent a collection letter attempting to collect a consumer debt;

    c. which was improperly addressed to the individual's employer;

    d. and/or was undated without a frame of reference to define "today" and "now" as set forth in the letter;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers at their employers' addresses,

in the form attached as Exhibit A, violate 15 U.S.C. §§ l692c, 1692d, 1692e, 1692f, and/or 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers at their employers' addresses, in the form attached as Exhibit A, violate 15 USC §l692c, 1692d, 1692e, 1692f, and/or 1692g.

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

20.  Some time prior to November 17, 2019 an obligation was allegedly incurred to non-party Synchrony Bank ("Synchrony").

21.  The Synchrony obligation arose out of transaction(s) in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically personal credit.

22.  The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.  Upon information and belief, non-party LVNV Funding LLC ("LVNV") purchased the debt after it allegedly went into default.

24.  Thereafter, LVNV contracted with the Defendant Scott to collect the alleged debt.

25.  Defendant Scott collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – Collection Letter (Employer's Address)*

26.  Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

27.  At a time better known to the Defendant, Defendant Scott sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to LVNV. **See Exhibit A**.

28.  The Letter is addressed to the Plaintiff at 1277 NE Loop 410, San Antonio, Texas 78209.

29.  However, Plaintiff did not live at such address.

30.  Unfortunately, Plaintiff worked at such address.

31.  Pursuant to 15 U.S.C. § 1692c(b):

> Except as provided in Section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the

>express permission of a court of competent jurisdiction, or as reasonable necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector.

(emphasis added).

32. Plaintiff never provided consent to the Defendant or any other party to convey any debt collection information regarding the subject debt to his employer.

33. Defendant violated 15 U.S.C. § 1692c in that it communicated with a third party regarding the Plaintiff's account without the Plaintiff's prior consent or the express permission of a court of competent jurisdiction regarding the Plaintiff's account.

34. Moreover, pursuant to 15 U.S.C. § 1692d, debt collectors are prohibited from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant knew or should have known that the Plaintiff did not reside at 1277 NE Loop 410, San Antonio, Texas 78209, but nonetheless sent the Letter containing material details of the debt to his employer.

36. Indeed, all three credit bureaus accurately had/reported the Plaintiff's current address during the time at issue.

37. Moreover, all three credit bureaus accurately had/reported the Plaintiff's current employer during the time at issue.

38. The dissemination of such material private information to the Plaintiff's employer resulted in the natural (and actual) consequence of abuse sustained by the Plaintiff.

39. Furthermore, Defendant's mailing of the Letter to his employer unfairly harmed the Plaintiff's reputation and his right to privacy.

40. Additionally, Defendant's failure to correctly address the Letter deprived the Plaintiff of timely notice of his right to dispute the debt.

41. Similarly, Defendant's failure to correctly address the Letter deprived the Plaintiff of his right to reap the benefits of such dispute period because the Defendant continued with the collection without an operative "G-Notice" in violation of 15 U.S.C. § 1692g.

*Violation II – Collection Letter (Undated Letter)*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

43. The substance (or lack thereof) of the Letter is also suspect.

44. The Letter states that "[Scott] is a debt collector. [Scott is] trying to collect a debt that [Plaintiff owes] to [LVNV]."

45. Upon information and belief, the Letter was an initial collection letter which listed a "[t]otal amount of the debt now" as $3,394.25.

46. However, "now" is undefined.

47. The Letter is undated.

48. Thus, neither the Plaintiff, nor the least sophisticated consumer, have a frame of reference in order to decipher the amount of the debt when the Letter was issued, how long it has been in collection and whether debt/collector/creditor are still relevant, resolved or changed.

49. Moreover, the lack of a date made the Letter facially questionable as to authenticity.

50. Upon information and belief, authentic financial statements are routinely dated.

51. Accordingly, Plaintiff thought that the Letter might be fraudulent and/or a scam.

52. It is deceptive to not clearly state when the collection letter was sent to a consumer.

53. Defendant's failure to date the Letter overshadowed the information provided in the Letter to the Plaintiff's detriment.

54. Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the G-Notice requirements set forth in the FDCPA.

55. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

56. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

57. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

58. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

59. Additionally, Plaintiff suffered reputational harm as a direct result of the Defendant's mailing of the Letter, containing the Plaintiff's personal information, to the Plaintiff's employer.

60. Moreover, as a result of the Defendant's violations, Plaintiff has suffered emotional distress, including, but not limited to, anxiety, stress and increased heartrate.

61. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

62. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

63. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion, invasion of privacy, disclosure of private information and defamation.

64. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

65. Plaintiff is entitled to receive a straightforward G-Notice as required by the FDCPA.

66. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to overshadow and/or conceal it in violation of the law.

67. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

68. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

69. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

70. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

71. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

72. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

73. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

74. As a result of the Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692c *et seq.*

75. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692c.

77. Pursuant to 15 U.S.C. § 1692c(b) of the FDCPA:

> Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, <u>with any person other than the consumer</u>, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector

(emphasis added).

78. Defendant violated § 1692c(b) by transmitting the Plaintiff consumer's personal information to a third party at an address that the Plaintiff does not live.

79. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692c(b) *et seq.* of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

80. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

81. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

82. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

83. Defendant violated §1692d:

   a. By mailing the collection Letter to the Plaintiff's employer, the natural (and actual) consequence of which was harassment and abuse; and

   b. By omitting information advising as to when the quoted amount was due.

84. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

85. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

86. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

87. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

88. Defendant violated said section by:

   a. Making a false and misleading representation, as described above, in violation of § 1692e(10); and

   b. Utilizing false means in the form of dissemination to a third party.

89. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs, and attorneys' fees.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

90. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

91. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

92. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

93. Defendant violated this section by unfairly omitting material information regarding when the amount was due and by mailing the collection Letter to the Plaintiff's employer.

94. By reason thereof, Defendant is liable to the Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT V

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

95. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

96. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

97. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

98. Pursuant to 15 U.S.C. § 1692g(b):

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall

      cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

99. Defendant violated said section by:

   a. As described above, overshadowing the notice(s) and distorting the information in the Letter by omitting the date of the Letter in violation of § 1692g(a)(2); and

   b. Failing to provide the Plaintiff with notices concerning his right to dispute the subject debt by virtue of mailing to the wrong address in violation of § 1692g(a)(3)-(4); and

   c. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly mailing the "G Notice" in violation of violation of § 1692g(b).

100. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

101. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Ostrander, individually and on behalf of all others similarly situated, demands judgment from the Defendant Scott & Associates, P.C. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  January 13, 2023                                Respectfully Submitted,

**STEIN SAKS, PLLC**

/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Ph: (201) 282-6500
Fax: (201) 282-6501
YSaks@steinsakslegal.com
*Attorneys for Plaintiff*